UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHY WILSON,<br><br>      *Plaintiff,*<br><br>– against –<br><br>BANK OF AMERICA CORPORATION;<br>PAUL M. DONOFRIO,<br><br>      *Defendants.* | **MEMORANDUM & ORDER**<br>23-CV-08303 (NCM) (LB) |
| CATHY WILSON,<br><br>      *Plaintiff,*<br><br>– against –<br><br>KEY BANK CORP. FINANCIAL CORPORATION;<br>DONALD R. KIMBLE, *Chief Financial Officer*,<br><br>      *Defendants.* | 23-CV-08304 (NCM) (LB) |
| CATHY WILSON,<br><br>      *Plaintiff,*<br><br>– against –<br><br>TRUIST FINANCIAL CORPORATION;<br>CYNTHIA POWELL, *Trustee*; MICHAEL B.<br>MAGUIRE, *CFO*,<br><br>      *Defendants.* | 23-CV-08306 (NCM) (LB) |

**NATASHA C. MERLE**, United States District Judge:

  *Pro se* plaintiff Cathy Wilson filed the above-captioned actions against various defendants. The Court grants plaintiff's applications to proceed *in forma pauperis*

("IFP"), Appl. to Proceed IFP, ECF No. 2,[1] and consolidates the three actions for the purpose of this Order. For the reasons stated below, the Court dismisses the complaints without prejudice and grants plaintiff leave to file amended complaints within thirty (30) days.

## BACKGROUND

A. *Wilson v. Bank of America Corporation et al*, No. 23-cv-08303 (NCM) (LB)

On November 6, 2023, plaintiff filed this action against Bank of America Corporation and Paul M. Donofrio. Compl., ECF No. 1. In her complaint, plaintiff alleges that in "approximately October 2023" at the Bank of America branch in Laurelton, New York, "[a]fter having a consumer transaction with BOA of business / personal credit [she] was denied." Compl. at 6. Plaintiff indicates that this denial was "discriminat[ion]" in violation of 15 U.S.C. § 1691. Compl. at 6. Plaintiff alleges that she sustained the following injuries related to this event: "mental anguish and severe depression with ongoing headaches." Compl. at 7. Plaintiff asks the Court to award "all [her] securities, interest and unearned interest BOA has made with the securitizing and collateralizing of my name—using my trust without my permission." Compl. at 7. Plaintiff also seeks an additional award totaling $15 million. Compl. at 7.

B. *Wilson v. Key Bank Corp. Financial Corporation*, No. 23-CV-08304 (NCM) (LB)

On November 6, 2023, plaintiff filed this action against Key Bank Corp. Financial Corporation and Donald R. Kimble, Chief Financial Officer. Compl., ECF No. 1. In her complaint, plaintiff alleges that in "approximately March 2023 – May 2023" at the Key

---

[1]   Plaintiff has filed IFP applications at ECF No. 2 on each of the three above-captioned dockets.

2

Bank branch in New Rochelle, New York, "[a]fter having a consumer transaction with Key Bank of business credit [she] was denied." Compl. at 6. Plaintiff indicates that she is the "original creditor" and this denial was "discriminat[ion]" in violation of 15 U.S.C. § 1691. Compl. at 6. Plaintiff alleges that, "for the mental anguish and stress Key Bank placed me in—I was unable to conduct my business." Compl. at 7. Plaintiff asks the Court to "have Key Bank grant me open ended credit" of $300,000, "floating notes," and "tender." Compl. at 7. Plaintiff also requests $3 million and that the Court "retract all of [her] securities, interest and dividends to [her] TDA account." Compl. at 7.

C. *Wilson v. Truist Financial Corp. et al*, No. 23-CV-08306 (NCM) (LB)

On November 6, 2023, plaintiff filed this action naming Truist Financial Corporation; Cynthia Powell, Trustee; and Michael B. Maguire, Chief Financial Officer. Compl., ECF No. 1. In her complaint, plaintiff alleges that on "approximately [A]ugust 10, 2023" at Truist Bank in New Jersey, "[a]fter having a consumer transaction with said bank of business credit [she] was denied." Compl. at 6. Plaintiff indicates that she is the "original creditor" and "should NEVER be denied." Compl. at 6. Plaintiff alleges that this denial was "discriminat[ion]" in violation of 15 U.S.C. § 1691. Compl. at 6. Plaintiff claims injuries of "mental anguish and severe stress" as well as "headaches" and states that "the damages that have been done to my mental financial reputation is unreal." Compl. at 7. Plaintiff asks the Court to "retract all of [her] securities" and "award [her] an open ended credit with Truist Bank" of $500,000. Compl. at 7. Plaintiff also requests $3 million and "floating rate notes." Compl. at 7.

## DISCUSSION

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 requires a "short and plain" factual statement so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks and citation omitted). However, non-attorney *pro se* litigants are not expected to meet the standards for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Because federal courts are limited in the subject matter of cases they can hear, Rule 8 also requires plaintiffs to assert the basis for the Court's jurisdiction. There are two types of federal subject-matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant resides in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Here, the Court construes plaintiff's complaints against Bank of America Corporation, Key Bank Corp. Financial Corporation, and Trust Financial Corporation as

alleging violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691. Because these claims arise out of federal law, the Court finds that it has subject matter jurisdiction over plaintiff's claims. *See* 28 U.S.C. § 1331.

However, plaintiff does not provide facts sufficient to show that she is entitled to relief on her ECOA claims. The ECOA protects against discrimination in credit lending based on a borrower's "race, color, religion, national origin, sex or marital status, or age," as well as whether the borrower receives public assistance or is otherwise exercising their rights under the ECOA. 15 U.S.C. § 1691(a); *see also Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014). In her complaints, plaintiff only alleges that Bank of America, Key Bank, and Truist Bank engaged in "discriminat[ion]" by denying her lines of credit. Plaintiff does not explain why she thinks Bank of America, Key Bank, and Truist Bank denied her lines of credit, nor does she indicate whether the alleged discrimination was based on plaintiff's race, color, religion, national origin, sex or marital status, age, or any other protected characteristic listed in the ECOA. Furthermore, plaintiff does not provide any information tying individual defendants Donofrio, Kimble, Powell, or Maguire to her claims.

Because plaintiff's complaints fail to provide "short and plain statement[s] of the claim[s] showing that the pleader is entitled to relief," the Court must dismiss each of these complaints for failure to comply with Rule 8. *See* Fed. R. Civ. P. 8(a).[2]

---

[2] In each of the three actions, plaintiff also references "Sec – 1933 Act" and "Sec – 1934 Act" as bases for this Court's jurisdiction. Compl. at 4, No. 23-cv-08303; Compl. at 4, No. 23-CV-08304; Compl. at 5, No. 23-CV-08306. However, even if the Court were to construe plaintiff's complaints as alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and/or the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, plaintiff's allegations are nonetheless insufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) with respect to such claims.

## CONCLUSION

For the reasons set forth above, the Court dismisses plaintiff's complaints in the above-captioned cases without prejudice. The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court grants plaintiff leave to file amended complaints within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse. If plaintiff chooses to file amended complaints, the submissions should be labeled "Amended Complaint" and include the full docket number for each case. Plaintiff should explain how she was discriminated against, why that discrimination violates federal law, and who caused her injuries.

If plaintiff does not file amended complaints within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the cases. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

    /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:    April 29, 2024
              Brooklyn, New York